*D. D. Pratt*, for the appellants.

May Term, 1851.

NOBLE
v.
TILLOTSON,

---

Noble *v*. Tillotson and Another.

Assumpsit before a justice on a promissory note. Plea, that the note was given for a clock, which the plaintiffs warranted would prove a good time-keeper, and that the clock was worthless. Judgment for the plaintiffs and appeal to the Circuit Court. The defendant filed a bill of discovery against the plaintiffs to obtain proof of the warranty. The plaintiffs were beyond the jurisdiction of the Court, and did not answer. The defendant moved for a continuance on affidavit filed setting forth these facts, which was refused. He then moved to take his bill as confessed or to suspend the further prosecution of the cause until they should answer; which motions were also overruled. *Held*, that there was no error in overruling these motions, as the defendant might have examined the plaintiffs before the justice by having them subpœnaed,

ERROR to the *Wayne* Circuit Court.

SMITH, J.—Assumpsit upon a note made by *Noble* in favor of *S. Tillotson* and *R. Tillotson*, for the payment of 33 dollars. Plea, that the note was given in payment for a clock sold by the plaintiffs to the defendant with a warranty that the clock would prove a good time-keeper, and that the clock was worthless. Replication, denying the facts stated in the plea.

The cause was commenced before a justice of the peace, and appealed to the Circuit Court, where judgment was rendered for the plaintiff.

*Friday, May 30,*

NOBLE
v.
TILLOTSON.

At the *September* term, 1848, the defendant filed a bill of discovery against the plaintiffs to obtain proof of the warranty and that notice had been given to them to remove the clock, as alleged in the plea. The cause was thereupon continued.

At the *March* term, 1849, the defendant filed an affidavit stating that he could not safely enter upon the trial without the testimony of the plaintiffs; that he had filed a bill of discovery requiring them to answer under oath; that he has a good defence, as set out in his plea and bill of discovery; that he does not know that he can prove all the allegations of his plea by any other witness; that he believes he can prove all said allegations by the plaintiffs' testimony; that he caused a subpœna to be issued for the plaintiffs, which has been returned not found; that he is informed the plaintiffs keep themselves beyond the jurisdiction of the Court so that compulsive process cannot be resorted to to compel their attendance; and that his application is not made for delay, &c.

Upon this affidavit being filed, the plaintiffs appeared by counsel, but being called and failing to appear in person, the defendant moved the Court to take his said bill of discovery as confessed, or make an order for the defendant to be examined to prove the allegations in his said bill and plea, or to suspend the further prosecution of the cause until the plaintiffs, or one of them, should appear and answer to the complainant's bill in Court; which several motions the Court overruled.

Thereupon the defendant said he had no other defence, and the cause was submitted; judgment was rendered for the plaintiff.

We can perceive no error committed by the Court in overruling these motions. The suit having been commenced before a justice of the peace, the defendant might, under the statute, have procured the testimony of the plaintiffs by subpœnaing them as other witnesses. The subpœna mentioned in the affidavit is, we suppose, the subpœna issued from the chancery side of the Court, requiring the plaintiffs to appear and answer the bill of dis-

covery. No steps having been taken to procure the attendance of the plaintiffs at the trial of the action at law, their non-attendance afforded no reason for delay; and if the defendant could also resort to a bill of discovery in such a case, the motions made by him with reference to it might have been appropriate in the chancery proceedings, but they could not be sustained in the suit at law.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Rariden*, for the plaintiff.

*O. P. Morton*, for the defendants.